IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SUZANNE MCKIBBEN                                                                              PLAINTIFF

        v.                       Civil No. 2:12-cv-02097-JRM

CAROLYN W. COLVIN, Commissioner of
Social Security Administration[1]                                                          DEFENDANT

**MEMORANDUM OPINION**

I.      **Factual and Procedural Background**

Plaintiff, Suzanne McKibben, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act"). 42 U.S.C. § 423.

Plaintiff protectively filed her application on November 14, 2008, alleging a disability onset date of September 25, 2008, due to chronic obstructive pulmonary disease ("COPD"), chronic back and neck pain, cough, arthritis, acid reflux, depression, and muscle spasms. Tr. 18, 138, 201. On the alleged onset date, Plaintiff was fifty-nine years old, an individual of advanced age, with a GED. Tr. 34, 133, 144. She has past relevant work as the owner/operator of a plant business. Tr. 129-131, 139-140, 146-153.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 66-68, 72-73. At Plaintiff's request, an administrative hearing was held on February 26, 2010. Tr. 30-63. Plaintiff

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

was present at this hearing and represented by counsel.  The ALJ rendered an unfavorable decision on May 14, 2010, finding Plaintiff was not disabled within the meaning of the Act.  Tr. 15-25.  Subsequently, the Appeals Council denied Plaintiff's Request for Review on March 13, 2012, thus making the ALJ's decision the final decision of the Commissioner.  Tr. 1-6.  Plaintiff now seeks judicial review of that decision.

**II.    Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003).  "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion."  *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)).  In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)).  If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A).  The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether

the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience. *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a). If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled. *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.   ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since September 25, 2008, her alleged onset date. Tr. 20. At step two, the ALJ found Plaintiff suffers from the following "severe" impairments: COPD and mild degenerative disc disease. Tr. 20-21. At step three, she determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 21.

At step four, the ALJ found Plaintiff had the RFC to perform the full range of sedentary work, as defined in 20 C.F.R. § 404.1567(a). Based on this RFC assessment, the ALJ determined Plaintiff could perform her past relevant work as manager, agricultural nursery, as actually performed in the last five years Plaintiff worked. Tr. 24. Accordingly, the ALJ determined Plaintiff was not under a disability from September 25, 2008, the alleged onset date, through May 14, 2010, the date of the administrative decision. Tr. 24-25.

**IV.   Discussion**

On appeal to this Court, Plaintiff contends the ALJ erred by: (A) failing to find her post-surgical bilateral carpal tunnel syndrome and left wrist fracture to be severe; (B) improperly determining her RFC; and (C) finding she could perform her past relevant work as an agricultural nursery manager as she actually performed it in the last five years of work.  *See* Pl.'s Br. 4-9.  The Commissioner responds that substantial evidence supports the ALJ's decision.  *See* Def.'s Br. 4-15. For the following reasons, the court finds that substantial evidence supports the ALJ's decision.

    A.  Severe Impairments

In her first allegation of error, Plaintiff argues that the ALJ failed to find her residual bilateral wrist pain to be severe.  *See* Pl.'s Br. 4-6.  Step two of the regulations involves a determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that is severe.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one which significantly limits a claimant's physical or mental ability to perform basic work activities.  20 C.F.R. § 404.1520(c).  The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have "no more than a minimal impact on her ability to work." *Caviness v. Massanari,* 250 F.3d 603, 605 (8th Cir.2001) (citing *Nguyen v. Chater,* 75 F.3d 429, 430-31 (8th Cir.1996)).  Although the Plaintiff has the burden of establishing a severe impairment or impairments, the burden at this stage is not great. *Caviness*, 250 F.3d at 605.

The ALJ determined Plaintiff suffers from chronic COPD and mild degenerative disc disease, which are severe impairments under the Act.  Tr. 20-21.  While recognizing Plaintiff's history of bilateral carpal tunnel release in 2002, the ALJ noted that Plaintiff had not complained of a

recurrence of symptoms since 2003, five years prior to her alleged onset date. Tr. 20, 427. Additionally, Plaintiff suffered a nondisplaced left wrist fracture in 2006; however, she was treated conservatively and her fracture healed without surgery. Tr. 20, 438-443. The overall lack of objective medical evidence during the relevant time period supports the ALJ's finding of a non-severe impairment. *See* 20 C.F.R. §§ 404.1508, 404.1528(a) (an impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms). Furthermore, Van Hoang, M.D., the consultative examiner, noted 100% grip strength and normal range of motion in both Plaintiff's hands, and Plaintiff was able to hold a pen and write, touch her fingertips to her palm, oppose her thumb to her fingers, and pick up a coin. Tr. 275.

Plaintiff argues that the ALJ should have credited the conclusions of Chris Honaker, a physical therapist, and Sarah Moore, a vocational expert, regarding the use of her hands. However, neither Mr. Honaker nor Ms. Moore is an "acceptable medical source," and therefore cannot establish the existence of a medically determinable impairment. *See* 20 C.F.R. § 404.1513(a). Moreover, Plaintiff was capable of working for several years despite her wrist pain, which contradicts her claim of a severe wrist impairment. *See Kelley v. Callahan,* 133 F.3d 583, 588 (8th Cir. 1998) (claimant worked for several years in spite of her limitations). For these reasons, the undersigned finds that substantial evidence supports the ALJ's determination that Plaintiff's residual bilateral wrist pain is non-severe.

    B.  <u>RFC Determination</u>

Plaintiff contends the ALJ erred by failing to consider the evaluation performed by Chris Honaker, a physical therapist. *See* Pl.'s Br. 6-8. At the fourth step of the evaluation, a disability

claimant has the burden of establishing her RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

Contrary to Plaintiff's argument, the ALJ considered both Plaintiff's severe and non-severe impairments in determining her RFC. *See* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe" . . . when we assess your residual functional capacity."). The ALJ determined Plaintiff could perform the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a). She considered the functional evaluation completed by Mr. Honaker, a one-time examining physical therapist, and found that his conclusions were generally consistent with a restriction to sedentary work. Tr. 24. The ALJ was not required to accept Mr. Honaker's findings in full. As previously discussed, Mr. Honaker's functional evaluation was an "other source" opinion and was therefore not entitled to the same weight as an acceptable medical source. 20 C.F.R. § 404.1513(d). Moreover, despite some of Mr. Honaker's more restrictive physical findings, he ultimately recommended that Plaintiff perform no repetitive trunk motion, no sustained/repetitive overhead/low level activities, and only occasional lifting. Tr. 345-346. Notably, he made no

mention of additional limitations regarding Plaintiff's ability to sit for prolonged periods of time or handle and finger.

Regarding Plaintiff's complaints of back pain and COPD, the ALJ properly determined that these impairments did not prohibit work at the sedentary level. Recent x-rays of Plaintiff's thoracic spine, dated February 25, 2009, revealed very mild scoliosis, but were otherwise unremarkable. Tr. 269. Additionally, x-rays of Plaintiff's lumbar spine revealed mild L4-5 and L5-S1 disc space narrowing without spondylolisthesis. Tr. 270. Plaintiff has been treated conservatively with medication, physical therapy, medication, chiropractic care, massage therapy, and acupuncture. Tr. 22-23, 219-253, 411-414, 436, 472, 476, 479. Moreover, Dr. Hoang, the consultative examiner, noted that Plaintiff had normal range of motion in her cervical, thoracic, and lumbar spine, and exhibited no abnormalities with regard to strength, sensation, or gait. Tr. 23, 274-275. Dr. Hoang assessed Plaintiff with moderate work-related limitations, which is consistent with the ALJ's RFC determination.

Regarding Plaintiff's alleged COPD, spirometry testing from May 2007 revealed mild airway obstruction particularly affecting the small airways. Tr. 340. A report from July 30, 2008, revealed mild airway obstruction, mostly unchanged from prior testing. Tr. 341. Christopher Hardin, M.D., noted that Plaintiff's COPD symptoms were stable overall and she did not require supplemental oxygen. Tr. 310. Additionally, x-rays of Plaintiff's lungs, dated March 30, 2009, revealed markedly hyperexpanded lungs compatible with COPD, but no evidence of acute cardiopulmonary disease. Tr. 335. As the ALJ noted, these findings are compatible with a restriction to sedentary work activity.

Plaintiff's citation to a 2001 CT scan of her lumbar spine, which was performed seven years prior to the alleged onset date, is unconvincing evidence of disability, especially given the fact that Plaintiff worked for several years at substantial gainful levels after this CT was performed. Tr. 479. Moreover, the CT findings reveal moderate limitations at most, which do not appear to be inconsistent with a restriction to work activity at the sedentary level. Tr. 479. As such, the undersigned finds that substantial evidence supports the ALJ's RFC determination.

C. Past Relevant Work

Finally, Plaintiff contends the ALJ erred in determining she could return to her past relevant work as a manager, agricultural nursery, as actually performed in the last five years that she worked. *See* Pl.'s Br. 8-9.

At step four of the sequential evaluation, the ALJ must consider whether a claimant's impairments prohibit her from performing her past relevant work. *Jones v. Chater,* 86 F.3d 823, 826 (8th Cir. 1996) (citing 20 C.F.R. § 404.1520(e)). The ALJ will find that a claimant is not disabled if she retains the RFC to perform: (1) the actual functional demands and job duties of a past relevant job; or (2) the functional demands and job duties of the occupation as generally required by employers in the national economy. *Jones*, 86 F.3d at 826 (quoting Social Security Ruling ("S.S.R.") 82-61); *See Martin v. Sullivan,* 901 F.2d 650, 653 (8th Cir. 1990).

The Code of Federal Regulations outlines the following with regard to a claimant's past relevant work:

> (2) Determining whether you can do your past relevant work. We will ask you for information about work you have done in the past. We may also ask other people who know about your work. (See § 404.1565(b).) We may use the services of vocational experts or vocational specialists, or other resources, such as the 'Dictionary of Occupational Titles' and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us

> determine whether you can do your past relevant work, given your residual functional capacity. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy. Such evidence may be helpful in supplementing or evaluating the accuracy of the claimant's description of his past work. In addition, a vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.
>
> (3) If you can do your past relevant work. If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.

20 C.F.R. § 404.1560(b)(2)-(3).

Here, the ALJ enlisted the help of a vocational expert to classify Plaintiff's past relevant work as manager, agricultural nursery, which the Dictionary of Occupational Titles defines as light, skilled work with an SVP of 8. Tr. 35-36. However, Plaintiff testified that she stopped doing the physical, hands-on labor during the last five years that she worked. Tr. 36-41. Plaintiff further testified that she handled the "everyday paperwork business that it took to run the company" and did none of the physical labor. Tr. 37. In comparing Plaintiff's RFC with the physical and mental demands of her past relevant work, the ALJ determined Plaintiff could perform her past relevant work as she actually performed it for the last five years that she worked. Tr. 24.

Contrary to Plaintiff's contention, the ALJ was not required to use a vocational expert to determine Plaintiff was capable of performing her past relevant work. *Lewis v. Barnhart,* 353 F.3d 642, 648 (8th Cir. 2003) ("Vocational expert testimony is not required at step four where the claimant retains the burden of proving she cannot perform her prior work."). Moreover, Plaintiff's

reliance on Ms. Moore's vocational report is flawed, as Ms. Moore formed her opinion based solely upon Mr. Honaker's functional evaluation, which is not the RFC ultimately adopted by the ALJ. *Roberts v. Apfel,* 222 F.3d 466, 469 (8th Cir. 2000) ("ALJ bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence"). Thus, Plaintiff's argument has no merit.

The ALJ properly developed the record as to Plaintiff's past relevant work and based her determination on Plaintiff's own description of her job duties. As such, the undersigned finds that substantial evidence supports the ALJ's determination that Plaintiff retained the RFC to perform her past relevant work as actually performed in the last five years that she worked.

## V.     Conclusion

Having carefully reviewed the record, the undersigned finds that substantial evidence supports the ALJ's determinations at each step of the disability evaluation process, and thus the decision should be affirmed. Accordingly, Plaintiff's complaint should be dismissed with prejudice.

IT IS SO ORDERED this 6th day of August 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE